UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO.  7:18-CR-3-KKC-1

UNITED STATES OF AMERICA,                                        PLAINTIFF,

V.                              **RECOMMENDED DISPOSITION**

TABITHA CHAPMAN,                                        DEFENDANT.

The defendant, Tabitha Chapman, appeared before the undersigned on January 28, 2021, for a final revocation hearing on charges of violating supervised release.  At the final hearing, the defendant was present and represented by counsel.  She expressed her desire to stipulate to the violations and, as a result, she was placed under oath and advised of all applicable rights, including the right to remain silent, to the assistance of counsel, and to a final hearing.  In addition, she was advised of the charges against her and all possible penalties, including the recommended guideline range and the applicable statutory punishment.  Then, in the presence of and with the advice of counsel, she admitted to violating the following conditions as charged in a knowing, intelligent, and voluntary way:

Violation No. 1, a Grade C violation:

Mandatory Condition:  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests, thereafter, as determined by the court.

Special Condition #4: you must not purchase, possess, use, distribute or administer any controlled substance or paraphernalia related to controlled substances, except as prescribed by a physician and must not frequent places where controlled substances are illegally sold, used, distributed, or administered.

1

Violation No. 2, a Grade B violation:

>Mandatory Condition #1: You must not commit another federal, state, or local crime.

>Mandatory Condition #2: you must not unlawfully possess a controlled substance.

Violation No. 3, a Grade C violation:

>Standard Condition #3: You must answer truthfully the questions asked by your probation officer.

Violation No. 4, a Grade C violation:

>Standard Condition #13: You must follow the instructions of the probation officer related to the conditions of supervision.

>Special Condition #2: You must participate in a substance abuse treatment program and must submit to periodic drug and alcohol testing at the direction and discretion   of the probation officer during the term of supervision. Said program may include one or more cognitive behavioral approaches to address criminal thinking patterns and antisocial behaviors. you must pay for the cost of treatment services to the extent you are able as determined by the probation officer.

Chapman's admitted conduct, and the basis for these charges is recounted as follows:

On November 13, 2020, Chapman reported to the probation office in Pikeville, Kentucky, where she submitted to an observed drug screen that returned positive results for marijuana.  When confronted regarding the positive drug screen, Ms. Chapman denied the use of the substance.  The specimen was forwarded to Alere Toxicology Services for further analysis, which confirmed the positive result for marijuana.

Marijuana is a prohibited controlled substance, pursuant to the Controlled Substances Act, and due to the Sixth Circuit Court of Appeals' finding that use equals possession, Chapman's simple possession of marijuana constitutes a violation of 21 U.S.C. § 844(a), a Class E felony.

On December 23, 2020, a final supervised release hearing was held before the undersigned. Following Chapman's stipulation to probable cause, the parties agreed to continue the final revocation hearing and allow Chapman the opportunity to participate in, and successfully complete, inpatient substance abuse treatment at Mountain Center for Hope and Recovery in Prestonsburg, Kentucky. Chapman was remanded to custody until placement could be obtained for her at Mountain Center for Hope and Recovery, and a final revocation hearing was set for April 1, 2021.

The supervising probation officer obtained placement for Ms. Chapman to begin inpatient substance abuse treatment at Center for Hope and Recovery at Prestonsburg, Kentucky on December 30, 2020. Chapman was directed by the Court to remain at and successfully complete the program. She was further aware should she not complete the program successfully it may result in additional violations of her supervised release.

On January 4, 2021, the probation officer received information from a staff member at Mountain Center for Hope and Recovery advising that Chapman left the facility on January 1, 2021, against the medical advice of staff. As verified by facility staff, Chapman did not complete the program successfully as directed, and did not contact her supervising officer after leaving the facility.

At the final hearing in this matter on January 28, 2021, Chapman admitted to personally possessing and smoking marijuana in the days prior to her observed urine screen on November 13, 2020 and admitted that she denied use of marijuana when confronted with the positive test result. Finally, to explain why she left the treatment facility, she related that staff would not allow her to make a phone call to ask someone to bring her clothes. Angry, she left and hitchhiked a ride to

Pikeville.  Prior to and after leaving the facility, she made no effort to contact her supervising officer.

## RECOMMENDED SENTENCE

### I.

In determining the appropriate sentence in this case, the Court looks to the provisions of 18 U.S.C. § 3553(a), for guidance in recommending a sentence, properly calculated, and imposed. The statute provides:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection.  The Court, in determining the sentence to be imposed, shall consider −
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed −
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentences and the sentencing ranges established...
> (5) any pertinent policy statement...
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. 3553(a).

### II.

In considering the nature and circumstances of the instant offense and the Defendant's history and characteristics, the court finds the following particularly relevant.

Chapman is a 38-year-old Pike county resident. She is the mother of four children and maintains contact with her extensive family in the Pike and Floyd County area.  She was diagnosed

4

with Bipolar Disorder and Personality Disorder in 2017 and recalled being hospitalized in April 2017 and again in November 2017. She began engaging in substance abuse at the age of 12, involving alcohol and marijuana, then Benzodiazepines and Cocaine, and finally methamphetamine and suboxone. She has participated in multiple substance abuse treatment programs in the past.

She left high school in the 11th grade and reports no additional education or training. She has had some intermittent employment.

Chapman has a criminal history category of IV, based upon the following past convictions:

1. On August 19, 2002, she was arrested and charged with Operating a Motor Vehicle Under the Influence of Alcohol/Drugs, after being involved in a motor vehicle accident where she struck another vehicle. She was convicted on January 22, 2004.

2. On September 20, 2006, she was arrested and charged with Theft by Unlawful Taking. She was convicted on June 18, 2007 but was arrested on a probation violation on March 4, 2009.

3. On August 16, 2010, she was arrested and charged with Possession of marijuana. She was convicted and sentenced to ten days in Jail, plus costs, on October 19, 2010.

4. On March 13, 2011, she was arrested and charged with Operating a Motor Vehicle Under the Influence of Alcohol/Drugs, after being involved in a single vehicle accident when she drove off the roadway and struck a cliff. She was convicted and sentenced to jail time with probation on September 7, 2012. Subsequently, she was convicted of contempt of court on March 23, 2017 and March 28, ,2017.

5. On April 6, 2011, she was again arrested and charged with Operating a Motor Vehicle Under the Influence of Alcohol/Drugs, after being involved in a motor vehicle accident. At the

time of arrest, she related consuming three Lortab 7.5 mg pills.  She was convicted and sentenced to time in jail on January 11, 2012.

6.   On July 22, 2012, shew as arrested and charged with Possession of a Controlled Substance not in an original container after being found in possession of Xanax in a bottle bearing the name of another person. She was sentenced to 90 days in jail, probated for one year.

7.  On December 2, 2012, she was charged with Public Intoxication, Disorderly Conduct, and Terroristic Threatening.  She was convicted and sentenced on all offenses on December 10, 2012.

8.      On August 7, 2012, she was arrested and charged with Operating  Motor Vehicle under the Influence of Alcohol/Drugs.  She was convicted and sentenced to 18 days in jail on August 7, 2013.

9.  On January 30, 2014, she was again arrested and charged with Operating a Motor Vehicle under the Influence of Alcohol/Drugs. She was convicted on July 26, 2016 and sentenced to 7 days in jail.

10.  On September 1, 2015, while an inmate in the Floyd County Detention Center, she attacked another inmate, and was charged with Assault, Fourth Degree.  When convicted, she was given 14 days in jail.

11.  On March 22, 2017, she was arrested and charged with Criminal Mischief.  She was convicted on March 29, 2017, and sentenced to 60 days in jail, suspended for 60 days.

12.  On October 23, 2017, she was found to be in Contempt of Court and sentenced to 120 days in jail.

On February 20, 2019, Tabitha Chapman appeared before Judge Karen Caldwell for sentencing, following a plea of guilty to  Theft of Government Funds in violation of Title 18

U.S.C. § 641. Ms. Chapman was sentenced to thirty (30) months imprisonment to be followed by three (3) years supervised release. The Court imposed the standard conditions of supervision, along with special conditions of release as outlined in the Judgment.

On April 17, 2020, Ms. Chapman was released from custody to begin the imposed term of supervision and was referred to outpatient substance abuse and mental health treatment at Mountain Comprehensive Care Center in Pikeville, Kentucky.

The violation conduct now before the Court was observed beginning in November 2020.

### III.

In considering the kind of sentences that are available in this action, the Court considers both the recommended guideline range and any controlling statutory penalties. Pursuant to U.S.S.G. §7B1.4(a), and in light of the charged Grade B Violations and Criminal History Category of IV, the Guidelines recommend a range of imprisonment between 12-18 months in this case. The maximum authorized term of imprisonment upon revocation is not more than 24 months, pursuant to 18 U.S.C. § 3583(e)(3), and the maximum term of supervised release which can be re-imposed upon revocation is not more than 24 months, less any term of imprisonment imposed upon revocation, pursuant to 18 U.S.C. § 3583(h).

Due to the nature and number of her present violations, the number and nature of her prior convictions, and the facts of her underlying conviction, the United States suggests the appropriate sentence involves revocation of supervised release and a sentence at the middle of the guidelines, to be followed by an additional period of supervision. The defendant, however, asks for a sentence at the low end of the guidelines.

In fashioning a recommendation in the case, the Court considers the information above, the fact that these violations involve the abuse of a controlled substance, the propensity to lie to her probation officer, and an unwillingness to follow Court ordered conditions of supervision. In addition, the Court has reviewed Chapman's criminal history, including prior convictions that did not result in the assessment of criminal history points, and notes that most arose following the abuse of alcohol or controlled substances. Therefore, the Court finds reason to impose a period of incarceration as punishment for the present violations, to be followed by a period of supervision to assist Chapman in successfully managing her persistent and dangerous addictive behavior. Now, to satisfy the considerations of the controlling statute, the undersigned believes that revocation of supervision and incarceration for a period of (14) fourteen months to be followed by a period of (24) twenty-four months of supervision, less the period spent upon revocation, is appropriate. The period of incarceration satisfies that statutory consideration of a penalty not greater than necessary to provide just punishment, afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant. In addition, due to the defendant's history of putting other persons at risk by abusing substances and operating motor vehicles, the undersigned is of the opinion that some period of supervision is necessary to make every effort to assist Ms. Chapman to alter her conduct to conform with the law, and mitigate the risk to others that she, through her conduct, presents.

## **CONCLUSION**

The facts upon which the Court recommends finding that the Defendant violated supervised release have been established by her own admission, and therefore have been proven by a preponderance of the evidence. Therefore, for the reasons, the undersigned recommends:

(1) That the Defendant be found guilty of all charged violations of supervision.

(2) That her supervision be REVOKED.

(3) That she be sentenced to a term of incarceration for 14 months, to be followed by 24 months of supervised release (minus the time she spends incarcerated upon revocation).

(4) That should Chapman file a waiver of allocution into the record within fourteen days evidencing the knowing, intelligent and voluntary relinquishment of her right of allocution in this action, her supervision should be revoked, and she be sentenced; and

(5) If Chapman desires to exercise her right of allocution, the matter should be scheduled for a final hearing before Judge Karen Caldwell for purposes of allocution and sentencing.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749‒50 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed February 1, 2021.



Signed By:

_Edward B. Atkins_

United States Magistrate Judge